Christian, J.
delivered the opinion of the court.
This is an appeal from a decree of the Circuit court of Westmoreland county. The bill was filed by the creditors of E. C Griffith, who departed this life in the year 1861, seized and possessed of considerable estate, real and personal. The object of the bill was to have a settlement of the accounts of his administrator, to ascertain the amount of his indebtedness, and to effect a sale of his real estate for the payment of his debts.
The said Griffith in his lifetime had qualified as guardian of two of his children, to wit, Eleanor and Frederick, and received as such guardian certain real and personal estate derived by them from their grandmother.
An account, taken by the commissioner, of the outstanding debts against the estate, shows that Griffith was very largely indebted, and that, indeed, his whole estate, real and personal, was not sufficient to pay his debts. Among the debts reported by the commissioner were balances due from the said Griffith, as guardian of his two wards and children, Eleanor and Frederick, amounting to the sum of $2,518.78 due to each, and which the commissioner reports among his fiduciary debts.
After the commissioner had returned these accounts, *79 and after a decree had been entered directing a distribution of the fund in the hands of the administrator, and also directing a sale of the real estate of the decedent, Willoughby .Newton, one of the general creditors, filed his petition, praying that the sale of said real estate of E. C. Griffith might be postponed until the further order of the court, and that the said commissioner should institute an inquiry into the circumstances of E. C. Griffith, and his expenditures in improving the real estate, and in the maintenance and education of his children, Frederick and Eleanor, and report the facts to the court.
Upon the coming in of this petition the decree of sale was set aside, and the inquiries suggested by the petition of Uewton ordered to be made; and the report of said commissioner, together with the evidence taken by him, was returned to the court at the October term, 1869. Whereupon, a decree was entered, in which the said Circuit court declared that there was no sufficient evidence that any permanent improvements had been made by Griffith in his lifetime on the real estate of his wards; but. declared further, “that the defendants, Frederick Griffith and Eleanor Fairfax (who was Eleanor Griffith), are bound to account to the estate of their father and guardian for all the expenses of their education. ” Accordingly, the court decreed that “the report of commissioner Baker be referred to a commissioner of this court, with instructions to reform the guardianship account according to the principles herein declared, stating clearly and distinctly all the expenses of their education, including board, tuition, books, travelling And other necessary expenses of said infants, and make report to the court.” From this decree Frederick Griffith, in his own right, and as trustee for his sister Eleanor Fairfax, has obtained an appeal from this court.
The court is of opinion that the decree of the said Circuit court was manifestly erroneous in affirming a liability on the part of Frederick and Eleanor, the infant *80 children, of E. C. Griffith, to his estate, for moneys by voluntarily expended in their maintenance and educati°n- It is a well settled principle of law, governing the relation of parent and child, that a father, if of ability, hound to maintain his infant children, even though they may have property of their own. 1 Tuck., Book I, p. 129; Thomas’s Coke on Litt. p. 159, Note A; Evans v. Pearce, 15 Gratt. 518.
It is true that, where the infant has separate estate, a court of chancery may, upon the application of the father or friend of the infant, direct the estate of the infant to be applied to its maintenance and education, whenever, under all the circumstances, it appears to be proper. But where the father, of unquestioned ability to maintain his infant children, does not petition the court to have any of the profits of their separate estate applied to their support, and makes no charge against them during his lifetime, his estate will not be allowed anything for their support, without the clearest proof that justice requires it. Evans v. Pearce, supra.
In the case before us, the ability of the father to afford his children a liberal education is beyond dispute. According to witnesses, whose relations to the deceased gave them opportunity of knowing his pecuniary condition, he was worth forty or fifty thousand dollars at the time of his death, after the payment of his debts. The insolvency of his estate was caused by losses after his death. He raised no charge against his children during his life; he left no note or memorandum from which such a charge could be raised by his personal representatives, who were his second wife and her brother; and the administrator de bonis non, who is a party to the suit, . asserts no such demand in favor of the estate. ' But the claim is raised by one of the general creditors, who is ■.seeking to swell the assets of the estate by depriving the wards and children of the decedent of an acknowledged ■ debt of the highest dignity due from their father and *81 guardian. It is not to be tolerated that this creditor should be permitted to come into a court of equity, and put himself in the shoes of the father and his personal representative, to enforce a claim which neither the one in his lifetime, nor the other after the death of the decedent, ever thought of asserting.
We are therefore of opinion that the said decree of the Circuit court of the county of Westmoreland should be reversed.
The decree was as follows :
The court is of opinion, for reasons stated in writing, and filed with the record, that the decree of the said Circuit court is erroneous, in affirming a liability on the part of the defendants, Frederick Griffith and Eleanor Fairfax, to account to the estate of their father and guardian, E. C. Griffith, for the expenses of their education. It is therefore decreed and ordered, that the said decree to this extent be reversed and annulled, and that the appellants recover against the appellee, Willoughby Newton, their costs by them expended in the prosecution of their appeal here ; and that the cause be remanded to the said Circuit court for further proceedings to be had therein, in accordance with the principles herein set forth.
Decree reversed.